UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KIANA J.[1],

                                    Plaintiff,                    Case 17-CV-6861-FPG

v.                                                                DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

Kiana J. brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits.  ECF No. 1.  On June 7, 2018, the Court issued a Stipulation and Order reversing the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 10.  Thereafter, the Court entered a stipulation awarding Plaintiff's attorney $999.99 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  ECF No. 14.

On July 22, 2020, the SSA issued a Notice of Award granting Plaintiff disability benefits and withholding $25,561.00—25% of her past due benefits—to pay her attorney.  ECF No. 15-1 at 2.  On August 8, 2020, Plaintiff moved for $9,010.00 in attorney's fees under 42 U.S.C. § 406(b).[2]  ECF No. 15.

For the reasons that follow, Plaintiff's motion is GRANTED IN PART, Plaintiff's attorney, Kenneth R. Hiller Esq., is awarded $2,650.00 in fees, and Mr. Hiller shall remit the EAJA fees to Plaintiff.

The Social Security Act provides that

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security decisions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only Plaintiff's first name and last initial.

[2] The Commissioner objects to the timeliness and reasonableness of counsel's request for attorney's fees.  ECF No. 18.

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

Before determining the reasonableness of the fee request, the Court first addresses the issue of timeliness. Under *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the limitations period for filing a motion under § 406(b) is found in Federal Rule of Civil Procedure 54(d)(2)(B). *See Sinkler*, 932 F.3d at 87-88. That rule requires that a motion for attorney's fees be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Where the "judgment" in question is a remand for further administrative proceedings, the limitations period is subject to equitable tolling until the "conclusion of the remand proceedings." *Sinkler*, 932 F.3d at 86. Tolling

is necessary because "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id*. at 88.  "Once counsel receives notice of the benefits award"—"and, therefore, the maximum attorney's fees that may be claimed"—the fourteen-day period starts, "just as it would apply to any other final or appealable judgment." *Id*. Furthermore, district courts are "empowered to enlarge that filing period where circumstances warrant." *Id*. at 89.  Additionally, under Federal Rule of Civil Procedure 60(d), a document is deemed received three days after mailing.

Here, the Notice of Award was issued on July 22, 2020.  ECF No. 19 at 1.  Adding the Rule 60(d) three-day mailing period to the fourteen-day Rule 54(d)(2)(B) period results in a due date of August 8, 2020, a Saturday.  Thus, the due date fell to Monday, August 10, 2020.  Plaintiff's counsel filed the motion on August 10, 2020, making the motion timely.  ECF No. 15.

The Court has reviewed each factor to assure that the requested fee is reasonable.  As an initial matter, the SSA awarded Plaintiff $102,244.00 in past due benefits, and, therefore, counsel's request for $9,010.00 in attorney's fees does not exceed the statutory cap.  ECF No. 15-1 at 2.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved because Plaintiff obtained remand by negotiating a stipulation for remand, which ultimately led to a favorable decision awarding her benefits.  As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination.  *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).  Here, Plaintiff's

counsel spent 5.3 hours in connection with the appeal to this Court.  ECF No. 15-2 at 14.  Dividing

the $9,010.00 fee requested by 5.3 hours yields an hourly rate of $1,700.00.

In the cases that the Commissioner cites where the Court reduced the attorney's requested

award, the Court did not reduce the award just because the effectively hourly rate was high; rather,

the Court reduced the award because it would be a windfall to the attorney in light of the work

performed.  In those cases, the attorneys performed only a modest amount of work because they

secured stipulations for remand instead of submitting briefs on the merits of the case, or because

they expended an unreasonable number of hours that the courts declined to compensate.  *See*

*Heffernan v. Astrue*, 87 F. Supp. 3d 351, 356-57 (E.D.N.Y. 2015); *Devenish v. Astrue*, 85 F. Supp.

3d 634, 638-39 (E.D.N.Y. 2015); *Whittico v. Colvin*, No. 5:09-CV-907 FJS/DRH, 2014 WL

1608671, at *6 (N.D.N.Y. Apr. 22, 2014); *George v. Astrue*, No. 04-CV-1545 (FB), 2009 WL

197054, at *2 (E.D.N.Y. Jan. 28, 2009); *Benton v. Comm'r of Soc. Sec.*, No. 03 CV 3154 (ARR),

2007 WL 2027320, at *3 (E.D.N.Y. May 17, 2007).

Here, Plaintiff's attorney would receive such a windfall if the Court awarded the requested

fee.  *Whittico*, 2014 WL 1608671, at *6 ("[T]he work that plaintiff's counsel expended before this

court was minimal and, primarily, routine in nature.  He did not file a legal brief in this case . . .

because the court, as a result of the parties' stipulation, remanded this case pursuant to sentence

six of § 405(g).").

Moreover, the hours that Plaintiff's counsel spent dedicated to the case included reviewing

documents, conferences with Plaintiff, and preparing the EAJA stipulation with the Court.  ECF

No. 15-2 at 3-4; *see also Whittico*, 2014 WL 1608671, at *6. ("[M]any of the 12.5 hours . . .

involved reviewing decisions, . . . telephone conferences, . . . and, in addition, 2.8 of those hours

involved Plaintiff's motion for fees under the EAJA. . . .  [T]he court finds that an award of fees in the amount requested would be a windfall to Plaintiff's counsel.")

Accordingly, the Court concludes that the requested fee award is unreasonable in relation to the modest amount of work done for this case.  Instead, the Court finds that $2,650.00 is an adequate amount to compensate Mr. Hiller.  *See* ECF No. 15-2 at 4 ($350.00 is a reasonable amount for counsel's services.).  This *de facto* fee of $500.00 per hour would "satisfy[y] the underlying policy goal of ensuring that claimants have qualified counsel representing their social security appeals."  *Devenish*, 85 F. Supp. 3d at 638; *see also Mitchell v. Astrue*, No. 09-CV-83 (NGG) (SMG), 2019 WL 1895060, at *5 (E.D.N.Y. Apr. 29, 2019) ("[A]n hourly rate of $500— will adequately compensate plaintiff's counsel for the time spent on this case, the risks inherent to undertaking representation on a contingency basis, and the ultimately successful result he obtained.")  Furthermore, counsel must refund the EAJA fees to Plaintiff, which he states were offset by the Department of Treasury to pay a government or government-backed debt owed by Plaintiff, and those fees were never received by Mr. Hiller.  ECF No. 15-1 at 2.

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 15) is GRANTED IN PART and Plaintiff's counsel is awarded $2,650.00 in fees.  The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award.  After counsel receives the § 406(b) fee, he must remit the EAJA fees to Plaintiff.

IT IS SO ORDERED.

Dated: September 15, 2021
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York

5